UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVE MISCH, Board of Trustees Chairman, and TOM FISTROVICH, Board of Trustees Secretary, on behalf of PLUMBERS LOCAL NO. 210 WELFARE FUND; <br><br> DAVE MISCH, Board of Trustees Chairman, and DAVID CHERMAK, Board of Trustees Secretary, on behalf of PLUMBERS LOCAL NO. 210 RETIREMENT FUND; and <br><br> DAVE MISCH, Board of Trustees Chairman, and CLARA MURPHY, Board of Trustees Secretary, on behalf of LOCAL NO. 210 JOINT APPRENTICESHIP FUND, <br><br>     Plaintiffs, <br><br>     v. <br><br> ROGER T. DODRILL, JR. d/b/a VALPARAISO PLUMBING COMPANY <br><br>     Defendant. | CAUSE NO. 2:09-CV-96-TS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Verified Motion to Enter an Order and Default Judgment Against Defendant Roger T. Dodrill, Jr. d/b/a Valparaiso Pluming Company [DE 8], filed on September 16, 2009.

On July 2, the Plaintiffs filed a Motion for Clerk to Enter Default of Defendant Roger T. Dodrill, Jr. d/b/a Valparaiso Plumbing Company [DE 6]. On August 17, the Clerk of this Court entered a Default [DE 7] against Defendant Roger T. Dodrill Jr. d/b/a Valparaiso Plumbing Company, for failing to plead or otherwise defend in this litigation.

Once the default of a party has been established (based upon the party against whom a judgment for affirmative relief is sought having failed to plead or otherwise defend), Federal Rule

of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

In this action, the Plaintiffs have sought to collect delinquent contributions and deductions pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 1145, and they have alleged that the Defendants owe contributions and deductions for the period of July 2007 through September 16, 2009. In their Motion seeking default judgment against the Defendant, the Plaintiffs request delinquent contributions and deductions in the following amounts: (1) $31,040.27 in principal contributions and late penalties for the period of July 2007 through September 16, 2009, (2) $8,563.44 in additional liquidated damages pursuant to § 1132(g)(2)(C)(ii) for the period of January 2008 through September 16, 2009; (3) $1,168.75 and $400 in attorneys' fees and costs, respectively; and (4) Statutory post-judgment interest at a rate of .31% owed on principal contributions in the

amount of $22,476.83, only. In support of their request for delinquent contributions and deductions, the Plaintiffs have submitted the Affidavit of David Misch along with detailed spreadsheets [DE 8-2], and the Affidavit of Paul T. Berkowitz [DE 8-3]. The Certificate of Service attached to the Plaintiffs' Motion indicates that the Motion was mailed by United States Postal Service to the Defendant at the Valparaiso, Indiana address that is identified on the Court's record. The Defendant has not responded to or otherwise opposed the Plaintiffs' motion .

The default of the Defendant has already been established, and, as a matter of law, the Defendant is liable to the Plaintiffs on each cause of action alleged against that Defendant in the Second Amended Complaint. Additionally, the relief sought by the Plaintiffs in their Motion for default judgment does not differ in kind from the relief sought in the Complaint. Furthermore, the award sought does not exceed the amount demanded in the Complaint. And, considering the affidavits and documentary materials before the Court, the Court finds that no hearing is necessary to determine the amount of damages.

Therefore, the Court, being duly advised, GRANTS the Plaintiffs' Verified Motion to Court to Enter an Order and Default Judgment against Roger T. Dodrill, Jr. d/b/a Valparaiso Plumbing Company [DE 8]. The Court ORDERS the Clerk of this Court to enter default judgment in the Plaintiffs's favor and against Defendant in the amount of $41,172.46, plus statutory post-judgment interest at a rate of .31% on the principal amount of $22,476.83, only.

SO ORDERED on December 14, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION